UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JERRY PECK                                                              CIVIL ACTION

VERSUS                                                                  NO. 18-3412

JAMES M. LEBLANC                                    SECTION: M (2)

## ORDER & REASONS

Jerry Peck ("Peck") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the execution of sentences imposed on him by the 4th Judicial District Court, Parish of Moorhouse, State of Louisiana and the 5th Judicial District Court, Parish of West Carroll, State of Louisiana.[1] When Peck filed his petition, he was in custody at Rayburn Correctional Center in Angie, Louisiana.[2] Peck has since been transferred to Morehouse Parish Jail in Bastrop, Louisiana.[3]

The proper venue for a habeas petition filed pursuant to § 2241 is set forth in subsection (d) of the statute, which provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). The Fifth Circuit has held that this statute is jurisdictional. *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004). Generally, the most appropriate venue for challenges to the legality of a conviction and sentence is the district where the state conviction

---

[1] R. Doc. 5 at 1.
[2] *Id*.
[3] R. Doc. 14.

occurred and the sentence was imposed, *Story v. Collins,* 920 F.2d 1247, 1250-51 (5th Cir. 1991), while the most appropriate venue for challenges to the execution and implementation of the sentence is the district where the petitioner is in custody. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *Frees v. Maye*, 441 F. App'x 285, 286 (5th Cir. 2011).

When Peck filed his petition, he was in a jail in Washington Parish, Louisiana, which is within the Eastern District of Louisiana. *See* 28 U.S.C. § 98. Thus, this Court was one of the possible appropriate venues for this action. *Id.* § 2241(d). However, Peck has since been transferred to a jail in Moorhouse Parish, which is the Western District of Louisiana. *Id.* § 98. Because Peck's convictions occurred, and he is currently housed, in Parishes within the Western District of Louisiana, that court is the more appropriate venue for this action, considering that Peck's allegations now have no connection to the Eastern District of Louisiana.

Accordingly, IT IS ORDERED that this action is TRANSFERRED to the United States District Court for the Western District of Louisiana, Monroe Division.

New Orleans, Louisiana, this 20th day of November, 2018.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE